UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RAYMOND HAFLIGER,

           Plaintiff,

  v.

GEORGIA PACIFIC CONSUMER PRODUCTS (CAMAS) LLC, et al.,

           Defendants.

CASE NO. C15-5807 BHS

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND GRANTING PLAINTIFF LEAVE TO AMEND THE COMPLAINT

This matter comes before the Court on Defendant Georgia Pacific Consumer Products (Camas), LLC's ("GP") motion to dismiss (Dkt. 14). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On July 31, 2015, Plaintiff Raymond Hafliger ("Hafliger") filed a complaint against GP and other defendants in Clark County Superior Court for the State of Washington. Dkt. 1-2. Hafliger asserts claims for negligence, breach of common law safe workplace doctrine, premises liability, and a violation of Washington Industrial Safety and Health Act, RCW Chapter 49.17 ("WISHA"). *Id.*

On November 6, 2015, GP removed the case to this Court.  Dkt. 1.

On November 20, 2015, GP filed a motion to dismiss Hafliger's claims for negligence, breach of common law safe workplace doctrine, and WISHA violations.  Dkt. 14.  On December 14, 2015, GP responded.  Dkt. 15.  On December 18, 2015, GP replied.  Dkt. 16.

## II. FACTUAL BACKGROUND

This case stems from a personal injury that Hafliger sustained on GP's Camas Mill property.  With respect to the injury, the relevant allegations are as follows:

> At all relevant times Plaintiff was a business invitee truck driver employed by Walsh Trucking in the course and scope of his employment making deliveries to the Camas GP Mill. Georgia Pacific retained control over the manner and instrumentalities used by Walsh and Plaintiff in making deliveries to the Camas GP Mill.
> On August 3, 2012 at about 7:45 p.m. the Plaintiff had just finished dumping saw dust in tipper #10 at the GP Camas paper mill and then drove approximately 20 yards down the sloped asphalt area of the tipper when he parked his truck to use the portable restroom provided by Defendants for the use of Plaintiff. Plaintiff parked his truck at the bottom of the ramp to avoid impeding or blocking other trucks using the yard to turn around an up the ramp. Due to the placement of the yard lighting over the restroom, the driver side of Plaintiff's truck was in the shadow. Using the three point of contact method of exiting his truck, he stepped down on the unmarked unilluminated dark transitional edge of the sloped asphalt which caused his left ankle to roll and twist, fracturing the ankle.

Dkt. 1-2, ¶¶ 2.5–2.6.

## III. DISCUSSION

**A.   Standard**

Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be based on either the lack of a cognizable legal theory or the absence of

1  sufficient facts alleged under such a theory.  *Balistreri v. Pacifica Police Department*,

2  901 F.2d 696, 699 (9th Cir. 1990).  Material allegations are taken as admitted and the

3  complaint is construed in the plaintiff's favor.  *Keniston v. Roberts*, 717 F.2d 1295, 1301

4  (9th Cir. 1983).  To survive a motion to dismiss, the complaint does not require detailed

5  factual allegations but must provide the grounds for entitlement to relief and not merely a

6  "formulaic recitation" of the elements of a cause of action.  *Bell Atlantic Corp. v.*

7  *Twombly,* 127 S. Ct. 1955, 1965 (2007).  Plaintiffs must allege "enough facts to state a

8  claim to relief that is plausible on its face."  *Id.* at 1974.

9  **B.     Common Law Workplace and WISHA**

10           The parties agree "that the relevant inquiry is whether the principal retained

11  control over the work site, not whether there was a direct employment relationship

12  between the parties."  *Afoa v. Port of Seattle*, 176 Wn. 2d 460, 477 (2013).  The

13  Washington Supreme Court's precedent

> stands for the proposition that when an entity (whether a general contractor or a jobsite owner) retains control over the manner in which work is done on a work site, that entity has a duty to keep common work areas safe because it is best able to prevent harm to workers.

*Id*. at 478.

           The parties, however, disagree whether Hafliger has asserted sufficient allegations

to meet this element of his claims.  The relevant allegation in the complaint is that GP

"retained control over the manner and instrumentalities used by Walsh and Plaintiff in

making deliveries to the Camas GP Mill." Dkt. 1-2, ¶ 2.5.  This is a label and conclusion,

and not a factual allegation.  As such, the Court agrees with GP that Hafliger has failed to

allege sufficient facts that GP, as the jobsite owner, retained control over the manner in which Hafliger's work was done at the Camas Mill. Therefore, the Court grants GP's motion to dismiss these claims.

**C.   Negligence**

In this case, GP argues that Hafliger's negligence claim is duplicative of his premises liability claim. The Court agrees with GP because premises liability is a particular type of negligence. "The basis of any negligence action is the failure to exercise reasonable care when one has a *duty* to exercise such care." *Hvolboll v. Wolff Co.*, 187 Wn. App. 37, 43 (2015) (quoting *Bodin v. City of Stanwood*, 130 Wn.2d 726, 744 (1996)). "Where the duty at issue is that of a possessor of land for the condition of the land, '[t]he common law classification of persons entering upon real property determines the scope of the duty of care owed.'" *Hvolboll*, 187 Wn. App. at 43 (quoting *Mucsi v. Graoch Assoc. Ltd. P'ship No. 12*, 144 Wn.2d 847, 854–55 (2001)).

In the complaint, Hafliger asserts both a general negligence claim and a premises liability claim. Hafliger, however, also alleges that "[a]t all relevant times Plaintiff was a business invitee truck driver . . . ." Dkt. 1-2, ¶ 2.5. In light of these allegations and claims, the Court concludes that a general claim of negligence is at least inconsistent with the allegations. Moreover, Hafliger fails to assert any general duty to exercise reasonable care in his negligence claim. Therefore, the Court grants GP's motion to dismiss Hafliger's negligence claim for failure to assert sufficient facts under the general negligence theory.

### D. Remedy

In the event a court finds that dismissal is warranted, the court should grant the plaintiff leave to amend unless amendment would be futile. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

In this case, the Court is unable to conclude that any amendment would be futile. The work site claims are lacking sufficient allegations that Hafliger may or may not be able to correct. On the other hand, the negligence claim is a general claim that appears to be duplicative of the more specific premises liability claim. The Court, however, is bound to allow Hafliger an opportunity to correct the identified deficiency or voluntarily withdraw the claim. Therefore, the Court grants Hafliger leave to file an amended complaint.

## IV. ORDER

It is hereby **ORDERED** that GP's motion to dismiss (Dkt. 14) is **GRANTED** and Hafliger is **GRANTED** leave to amend the complaint. Hafliger shall file an amended complaint no later than January 29, 2016 or show cause why he is unable to meet this deadline. Failure to file an amended complaint or otherwise respond will result in dismissal.

Dated this 22nd day of January, 2016.

BENJAMIN H. SETTLE
United States District Judge