1
2
3
4
5
6
7
8
9
10
11
12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RAYMOND HAFLIGER,

           Plaintiff,

v.

GEORGIA-PACIFIC CONSUMER PRODUCTS (CAMAS), LLC, et al.,

           Defendants.

CASE NO. C15-5807BHS

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUGDMENT

13
14
15
16
17

This matter comes before the Court on Defendant Georgia Pacific Consumer Products (Camas), LLC's ("GP") motion for summary judgment (Dkt. 34). The Court has considered the pleadings filed in support of the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

18
19
20
21
22

On July 31, 2015, Plaintiff Raymond Hafliger ("Hafliger") filed a complaint against GP and other defendants in Clark County Superior Court for the State of Washington. Dkt. 1-2. Hafliger asserts claims for negligence, breach of common law

ORDER - 1

safe workplace doctrine, premises liability, and a violation of Washington Industrial Safety and Health Act, RCW Chapter 49.17 ("WISHA"). *Id*.

On November 6, 2015, GP removed the case to this Court. Dkt. 1.

On January 11, 2017, GP filed a motion for summary judgment. Dkt. 34. Hafliger did not respond.

## II. FACTUAL BACKGROUND

This case arises out of an accident involving Hafliger at the GP paper mill in Camas, Washington. Hafliger, a driver employed by Walsh Trucking, alleges that on August 3, 2012, at approximately 7:45 PM, he was injured when he exited his vehicle to use the bathroom. Hafliger had delivered sawdust to the Camas Mill for over seven years in his employment with Walsh Trucking, and had used this Porta Potty, which had always been in the same location, more than a dozen times.

On the evening in question, Hafliger finished dumping sawdust at tipper # 10 and pulled down the sloped asphalt leading up to the tipper. He alleges that he parked his truck on the ramp—as opposed to the flat area below—in order to avoid impeding or blocking other trucks using the ramp. The weather was clear, and it was still light outside. He states that he knew when he exited his vehicle, he would be stepping onto the ramp instead of flat ground. Yet, when he exited backwards out of his truck, he took several steps backward and placed his foot on the transitional edge of the sloped asphalt, which caused him to roll his left ankle, injuring it.

## III. DISCUSSION

**A.    Summary Judgment Standard**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically

1  attested by that party contradict facts specifically attested by the moving party.  The

2  nonmoving party may not merely state that it will discredit the moving party's evidence

3  at trial, in the hopes that evidence can be developed at trial to support the claim.  *T.W.*

4  *Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255).  Conclusory,

5  nonspecific statements in affidavits are not sufficient, and missing facts will not be

6  presumed.  *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

7  **B.    Merits**

8      In this case, Hafliger has failed to submit any facts in opposition to GP's motion.

9  Based on the evidence in the record, the Court concludes that no questions of material

10 fact exist for trial.  GP has established that (1) Hafliger's premises liability claim fails

11 because the facts establish the accident was not caused by GP's negligence, (2) Hafliger's

12 WISHA claim fails because no facts establish a violation of an applicable regulation, and

13 (3) Hafliger's safe workplace claim fails because the facts establish that the accident was

14 not caused by an unsafe workplace.  Accordingly, the Court grants GP's motion.

15 **IV. ORDER**

16     Therefore, it is hereby **ORDERED** that GP's motion for summary judgment (Dkt.

17 34) is **GRANTED**.  The Clerk shall enter **JUDGMENT** in favor of GP and close this

18 case.

19     Dated this 8th day of February, 2017.

21                                       BENJAMIN H. SETTLE
                                      United States District Judge